ARGENSINGER & CO. v. CLINE & SONS.

1. **Practice in Supreme Court:** CONFLICTING EVIDENCE. This court will not interfere with the finding of fact made by a court in a law action, where the evidence is conflicting.

2. **Sale:** CONTRACT: RIGHT TO RETURN GOODS. Where the purchaser of goods by the terms of the contract reserves the right to return all or a part of the goods, if, when received, they do not suit him, paying only for those which he keeps, he can exercise that right so long as the goods are in his possession; and he does not forfeit such right by pointing out to the seller wherein the goods fail to comply with the contract in price and quality, and demanding a correction of the bill to conform therewith.

*Appeal from Guthrie Circuit Court.*

SATURDAY, SEPTEMBER 26.

ACTION upon an account for goods purchased of plaintiffs by defendants. The cause was tried by the court without a jury, and judgment rendered for defendants for the amount of a counter-claim set up by them in their answer. Plaintiffs appeal.

*Chas. S. Fogg,* for appellants.

*C. Haden,* for appellees.

BECK, J.—I. The defendants pleaded as a defense to the action that the goods, for the price of which this suit is

Argensinger & Co. v. Cline & Sons.

1. PRACTICE  brought, were purchased under a verbal contract
in supreme  to the effect that if the goods did not corres-
court: con-
flicting evi-  pond with the sample by which they were sold,
dence.
and when received they did not suit defendants, they were at
liberty to return them, or any portion of them, which did not
suit, paying for those not returned.   A like stipulation was
made as to the price, which was to be no higher than the
goods could be bought for elsewhere, and that a failure in
this regard should authorize the return of the goods, or any
portion thereof.   It is alleged that the goods, as to the price
and quality, were not as stipulated for in the contract, of
which defendants notified plaintiffs, who directed the return
of the goods to a certain person mentioned by them.   The
defendants, having sold part of the goods, sent to this person
the remainder, and remitted to them a draft for the amount
of the sales of the goods not returned.   The plaintiffs
refused to receive the draft, and returned it to defendants,
and also caused the goods to be returned.   Defendants ten-
der in their answer the goods on hand, and the amount of
the price of the goods sold by them.   They also set up a
counter-claim for freight and express charges paid by them.

II.   The controlling issue in the case involves the condi-
tions of the contract, and the return of the goods in accord
therewith.   Upon these issues the evidence was conflicting.
It cannot be said that there was such a failure of evidence in
support of the decision of the court below upon the issues
as authorizes us to reverse the judgment.   The same remark
is applicable to the issues upon the counter-claim.   The case
is simply one of conflict of evidence, and offers no ground
upon which we can interfere with the judgment,

AFFIRMED.


ON MOTION FOR REHEARING.


BECK, J.—In a petition for rehearing, plaintiff's counsel
complains of the statement of the foregoing opinion that the

Argensinger & Co. v. Cline & Sons.

**2. SALE: contract: right to return goods.** case involves only questions of fact wherein there is a conflict of evidence. The contract, as shown by defendant's evidence, was to the effect that if the goods, when received, should not suit defendants, they could at any time return all or part of them, paying for those they kept or sold. Counsel for plaintiffs insist that, as defendants notified plaintiffs, upon the receipt of the goods, that the prices and goods were not satisfactory, and that the goods were subject to plaintiff's order unless prices were changed, the defendants expressed an election to retain the whole bill; and that, as they afterwards sold a part of the goods, they can return no part of them, and must pay for all. It is insisted that, assuming the contract to be as defendant's state it, they are liable for the whole bill of goods, and that, therefore, the question of defendant's liability upon the contract, as it is claimed by them, is for determination in this case. The contract did not limit the right of defendants to return a part of the goods within any prescribed time, or to exercise within any time the option to return a part of them. It is possible that the contract required defendant to approve or reject the goods upon their receipt, but, as just stated, they could at any time exercise the option to keep a part and return the others. As long as the goods were in their possession, they could exercise this right. These terms of the contract were shown by defendant's evidence. The fact that defendants, upon receipt of the goods, pointed out wherein they failed in price and quality to comply with the contract under which they were ordered, and demanded a correction of the bill to conform therewith, did not cut off their right under the contract afterwards to retain a part of the goods and return the others.

The petition for rehearing is overruled.